## DeWitt v. Oppel

*Edwin M. Blumenthal,* for plaintiff.
*Stuart & Stuart,* for defendant.

SHUGHART, P. J., February 13, 1958.—Upon petition of the above defendant, a rule was issued on plaintiff to show cause why defendant should not be permitted to take an appeal from a judgment entered against defendant by a justice of the peace or to seek a writ of certiorari to remove the proceedings had before the justice of the peace. An answer to the petition was filed by plaintiff and the matter set down for argument by petitioner on the petition and answer without depositions.

The matter having been set down for argument by petitioner without taking any depositions, "all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule": Pa. R. C. P. 209(*b*). Accordingly, it must be considered that defendant knew that judgment was entered against him on June 7, 1957. Even if defendant's own version were accepted, it would appear that he learned of the judgment on July 20, 1957. The time for taking an appeal or applying for a writ of certiorari expired on August 9, 1957. Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, sec. 21, 42 PS §§923 and 951. The present applicaton must be considered as an application for allowance to appeal or to have a writ of certiorari nunc pro tunc.

Considering first the matter of certiorari, the cases are legion whch hold that the requirement that a certiorari to a magistrate must be sued out within 20 days of rendition of judgment is not applicable where the judgment is void ab initio: Singer Company v. Tailorcraft Company, 4 D. & C. 2d 620; Hilands v. Shade, 63 D. & C. 159.

It must, therefore, be determined if the judgment in this case is void for any reason. Defendant avers in the petition that the justice of the peace "proceeded to hear the story of the Plaintiff, but the Plaintiff was

not placed under oath at any time before or during the hearing, nor was the Defendant placed under oath".

Plaintiff admits this allegation "with the provision that this was to be a discussion and not a regular hearing and thereafter the defendant agreed that rather than have all the facts repeated by the witnesses and by himself, that he would agree that the Justice of the Peace could render a decision on the basis of the discussion".

It thus appears that the judgment of the justice was rendered on testimony not taken under oath. Does this render the judgment void? We think that it does.

It is a general rule that a witness in any proceeding can be heard only upon oath or affirmation where the latter is permitted by statute: 58 Am. Jur. 306, §549; 98 C. J. S. §320.

In New Castle v. Casacchia, 58 D. & C. 184, it was said, at page 196: "The act of the colonial legislature of May 31, 1718, 1 Sm. L. 105, sec. 4, 28 PS §253, provided that as to all felonies of death all witnesses must be sworn or affirmed. The Act of March 21, 1772, 1 Sm. L. 387, sec. 1, as amended by the Act of April 3, 1895, P. L. 32, 28 PS §251, requires an oath or affirmation of all witnesses and applies specifically to cases tried by aldermen, magistrates and justices of the peace. In Commonwealth v. Capero, 35 Pa. Superior Co. 392-93, it was held to be reversible error to entertain the testimony of a child seven years old who had not been sworn, the court by Judge Orlady saying:

" 'There is no conflict among the authorities as to the necessity of administering an oath, though there is some as to the question of age' and again: 'The testimony of witnesses is to be given under the sanctity of an oath, and where a child is of such tender years as not to be able to comprehend the nature of an oath, the safeguards which the law has placed around

human testimony would be entirely overthrown were such statements permitted to be given.'

"In Commonwealth ex rel. Oncay v. Oncay, 153 Pa. Superior Ct. 569, the Superior Court in a per curiam opinion reversed in a habeas corpus case saying that unsworn reports of investigators, agents and doctors cannot be received in evidence or considered by the court in a contested case. Such persons must appear, be sworn and examined as other witnesses. It is universal law that an oath or affirmation is required: 28 R. C. L. 584."

The objects of the rule requiring that witnesses be sworn are, first, to affect the conscience of a witness and thus compel him to speak the truth and, second, to lay him open to punishment for perjury in case he testifies falsely: Tice v. Mandel, 76 N. W. 2d 124 (N. D.) ; 58 Am. Jur. 306, §549.

Both of those reasons are so basic and fundamental to the administration of justice that we have no difficulty in deciding that the requirement of swearing witnesses is not one that may be waived by a party. We need not, therefore, consider whether or not there was a waiver in this case.

The admission that the witnesses were not sworn makes moot the question as to whether or not this defect will appear on the face of the transcript. It might be here noted, however, that the copy of the transcript attached to defendant's supplemental brief does not indicate that the testimony was taken under oath.

In view of the conclusion that a writ of certiorari should issue, we need not decide if an appeal should be allowed.

And now, February 13, 1958, at 11 a.m., for the reasons given, it is directed that a writ of certiorari to remove the proceedings issue to the justice of the peace.